UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED

APR 2 2 2013

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Elijah Manuel )
     (Plaintiff,) )
V. )
)
     Case No.
City Of Joliet, & its: )
Joliet Police Department )
Terrence  J. Gruber #261 )
Thomas Conroy #271 )     13 C 3022
Scott P. Cammack #285 )     Judge Milton I. Shadur
K. Steele #812 )     Magistrate Judge Young B. Kim
OFC.  #252 )
OFC.  #234 )
SGT. STEFANSKI #82 )
SUPV.  #64 )
J. KNELLER #200 )

     (Defendants'.)

## COMPLAINT UNDER THE CIVIL RIGHTS  ACT, TITLE 42 SECTION 1983 U.S.CODE

### I. Plaintiff:

**A.** Name: Elijah Manuel

**B.** List all aliases:

**C.** Prisoner ID Number: 2012-0000555

**D.** Place of present confinement: Will County Adult Detention Facility

**E.** Address: 95 S. Chicago St.  Joliet, Illinois 60436

**II. Defendants:**

    **A.** City of Joliet & its: Joliet Police Department

    **B.** Defendant: Terrence J. Gruber

       Title: Joliet Police Officer Badge #261

       Place of employment: Joliet Police Department

    **C.** Defendant: Thomas Conroy

       Title: Joliet Police Officer Badge #271

       Place of employment: Joliet Police Department

    **D.** Defendant: Scott P. Cammack

       Title: Evidence Technician Officer Badge #285

       Place of employment: Joliet Police Department

    **E.** Defendant: K. Steele

       Title: Joliet Police Officer Badge #812

       Place of employment: Joliet Police Department

**F.** Defendant: Officer

Title: Joliet Police Officer Badge #252

Place of employment: Joliet Police Department

**G.** Defendant: Officer

Title: Joliet Police Officer Badge #234

Place of employment: Joliet Police Department

**H.** Defendant: SGT. Stefanski

Title: Sergeant At Scene Officer Badge #82

Place of employment: Joliet Police Department

**I.** Defendant: Officer

Title: Field Supervisor Officer Badge #64

Place of employment: Joliet Police Department

**J.** Defendant: J. KNELLER

Title: Joliet Police Officer Badge #200

Place of employment: Joliet Police Department

**III. Previous Litigation:**

A.    Name of case and docket number: _____

_____

B.    Approximate date of filing lawsuit: _____

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

D.    List all defendants: _____

_____

_____

_____

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F.    Name of judge to whom case was assigned: _____

_____

G.    Basic claim made: _____

_____

_____

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

_____

_____

I.    Approximate date of disposition: _____

IV.   **Statement of Claims:**

## 1.)               ILLEGAL SEARCH AND SEIZURE

On March 18th 2011 at 1:20 AM, the plaintiff was involved in a traffic stop by the
Joliet Police Department, in the County of Will. The Plaintiff was a passenger of the vehicle.
When the stop occurred the driver was licensed and the vehicle was insured. Plaintiff has a
copy of proof of insurance and will be use as Exhibit "A" to this complaint and incorporated by
reference in it. Plaintiff had proof at the time of the stop, proper documents that the 2005
Pontiac Grand Prix was recently traded in and that the license plate was transferred over to the
Dodge Charger. Plaintiff has a copy of the proper documents and will be used as Exhibit "B" to
this complaint and incorporated by reference in it. The Joliet Police officers ignored these facts
and proceeded to do as they will. The defendants had no legal basis for stopping plaintiff.
Defendants falsely accused plaintiff of moving around in the car very quickly and that they
could smell the sent of burnt cannabis emitting from the vehicle. This accusation constituted a
pretext for a search and seizure of the plaintiff. The true purpose of stopping the plaintiff was to
search and harass the plaintiff. Upon the illegal search followed by the malicious arrest, the
defendants did conduct a pat down and went into the plaintiff's pants pocket and took from
plaintiff his vitamin and mineral bottle, which contained pink vitamins and minerals inside the
bottle. The defendants did a field test on the vitamin and mineral pills in fact to see if the pills
contained any illegal drugs. Field test results came back as negative. Defendants ignored these
facts and proceeded to say the pills were ecstasy pills, which in fact they were not, although
plaintiff protested his innocence. Plaintiff was still transported to the Joliet Police Department.
Plaintiff's car was towed because the defendants made false testimony stating, "Plaintiff had 16
pink pills that tested positive as ecstasy." Plaintiff has a copy of tow sheet and why the car was
towed. This will be use as Exhibit "C" in this complaint and incorporated by reference in it. The
search of the person, vehicle, effects of the plaintiff in public, caused serious emotional injury to
the plaintiff. All of these searches were conducted without probable cause or a warrant. There
were no reasonable basis existed for the actions taken against the plaintiff. No exigent
circumstances existed to justify the failure to obtain warrants prior to conducting the searches.
The search and seizure of the plaintiff were unreasonable, intrusive, and intended to harass and
harm the plaintiff. The arrest was not justified by probable cause or other legal privilege. All of
the defendants acted wantonly, recklessly, willfully, and maliciously with the intent of injuring
and oppressing the plaintiff. All the defendants are liable to the plaintiff under Illinois state law
for false arrest, imprisonment and illegal search and seizure. At all times mentioned in this
complaint, the defendants were acting under color of law, that is under color of the Constitution,
statutes, laws, rules, regulations, customs, and usage of the State of Illinois. The defendants and
each of them, separately and in concert with each other, engaged in acts and omissions that
constituted deprivations of the rights, privileges, immunities of the plaintiff. While these acts
were carried out under color of law, they had no justification or excuse in law. There actions
were gratuitous, illegal, improper, and unrelated to any activity in which law enforcement
officers  may appropriately and legally engage in the course of protecting persons and property
of ensuring civil order.

**2.)** <u>**Wrongful And Malicious Arrest**</u>

The defendants Terrence Gruber #261 and Thomas Conroy #271 were employed as law enforcement officers at the Joliet Police Department in the County of Will acting within the scope of their employment, with the permission and consent of the City of Joliet. On 3-18-11 a pretext traffic stop had occurred in a Dodge Charger that had 20% tint on the windows, which at 1:20 AM made it impossible to see into the vehicle around that time and stop, near Miles and Elmwood Ave. The plaintiff was awoke by these defendants who opened plaintiff's door and forcibly removed the plaintiff from the vehicle for no apparent reason. The plaintiff tripped over a curve and fell on the ground by Terrance Gruber #261 aggressive tactics. The plaintiff was in the vehicle asleep. Terrance Gruber #261 and Thomas Conroy #271 who assisted wrote false police reports and used perjury testimony to justify there probable cause to search and arrest the plaintiff by stating, "they smelled the scent of burnt cannabis emitting from inside of the vehicle,"which was false testimony. The plaintiff never got a chance to roll down the window for which the officers can make that determination. Instead they opened the door and snatched the plaintiff immediately out of the car without probable cause. Also the defendants made false testimony by stating, that, "the plaintiff tried to run away from the officers."That was said, so they can justify there malicious arrest. These officers did then, without a warrant, judicial order, or other authority of law, wrongfully, unlawfully, and without probable cause, arrested plaintiff and compel the plaintiff against his will, to go with them to the Police Precinct at 150 W. Washington St. Joliet, IL 60436, where the plaintiff was wrongfully and unlawfully detained. The plaintiff was later released on 5-5-11 without any explanation and all charges were dropped by Court Order. Plaintiff has a copy of the Court Order and will be used as Exhibit "D" to this complaint and incorporated by reference in it. At the time of arrest, plaintiff did not commit any offenses for which he could be arrested for. As a result of these acts, plaintiff was deprived of his liberty and has suffered great mental anguish and humiliation, and suffered injuries to his body, good name, and reputation.

**3.)**    ## <u>Excessive Use Of Force And Malicious Injury</u>

On 3-18-11, at 1:20 AM, plaintiff was a passenger in a automobile that had been stopped. The plaintiff was accompanied by Jeffery I. Faint who was the driver. Plaintiff was awoke by Terrence Gruber #261 who opened plaintiff's door and forcibly and physically removed plaintiff from the vehicle without probable cause. By Terrence Gruber #261 aggressive tactics it had cause the plaintiff to lose his balance and trip over a curve. At that time Terrence Gruber #261 had grabbed, tugged, and pulled the plaintiff down. In addition, he grabbed the plaintiff around the arms and torso and thrusted the plaintiff face down toward the ground. The plaintiff braced his fall with his hands and pushed himself upon his hands and knees. Terrence Gruber #261 then came down by kneeing the plaintiff in his back. Terrence Gruber #261 who out weighed the plaintiff at least 150 pounds. Defendant maintained staying on the plaintiff's back. Plaintiff had landed on the brick sidewalk surface, striking his head and chest against the bricks, immediately causing injury to the plaintiff's body. Defendants handcuffed the plaintiff. Thomas Conroy #271 who came and assisted Terrence Gruber #261 yelled, "Quit resisting! The plaintiff responded, "I'm not resisting! I'm not resisting!" Thomas Conroy #271 and Tarrance Gruber #261 both began punching and kicking the plaintiff on the ground while handcuffed, making obscene, and derogatory remarks stating, "You remember me street punk, Now I got you, You Fucking Nigger!" Defendants had no legal basis for using excessive force upon the plaintiff. Plaintiff in no way instigated, caused, or contributed to the complained of conduct. Defendants falsely accused plaintiff of trying to run away from them. This accusation constituted a pretext for an arrest. 3 to 5 additional Joliet Police Officers just stood by and did nothing. All the defendants acted wantonly, recklessly, willfully, and maliciously, with the intent of injuring and oppressing the plaintiff. As a result of the acts of the defendants the plaintiff suffered injuries, including an abrasion on the face, black eye, pain in the head and chest. As a further result of the acts of the defendants the plaintiff also suffered injuries, including soreness and numbness of the right wrist and hand, which continued for approximately 4 in a half weeks following the incident. In addition, the plaintiff suffered regular shooting pains from the right elbow to the thumb for approximately 4 in a half weeks following the incident. The frequency of these pains subsided after 4 in a half weeks to about 2 weeks. But, continued intermittently for roughly 4 more weeks. The plaintiff also suffered numbness of the right thumb and index finger for about approximately 5 months following the date of the incident. At the time and place noted in this complaint, plaintiff was assaulted and battered by the defendants. The use of excessive force while plaintiff was in handcuffs was unnecessary and not reasonable.

4.)                      **Deliberate Indifference**


        At approximately 1:27 AM, the plaintiff was beaten by the Joliet Police Officers
Terrence Gruber #261 and Thomas Conroy #271. Plaintiff did not resist arrest in any way.
Plaintiff was originally falsely charged with resisting arrest which later plaintiff was
exonerated from the charges by the Will County States Attorneys Motion. The following
officers: OFC. Badge #252, OFC. Badge #234, the supervisor at the scene Sgt.
Stefanski #82, and filed supervisor badge #64 shall be held accountable for Terrance
Gruber #261 and Thomas Conroy #271 actions for kicking and punching the plaintiff on
the ground while handcuffed. Defendants just stood by and did nothing to intercede to
prevent their fellow police officers from using excessive force while plaintiff was being
maliciously arrested and beaten. Each of the the defendants had the power and duty to
restrain the other defendants and prevent them from violating the law and rights of the
plaintiff, but that each of the defendants failed and refused to perform that duty, failed
and refused to restrain the other defendants and  became a party to the injuries inflicted
on the plaintiff. Defendants would not let plaintiff seek medical attention. Defendants
were acting in concert with Terrence Gruber #261 and Thomas Conroy #271. An
accordance with a preconceived, customary plan. Defendants City of Joliet and Will
County authorized, tolerated as institutionalized practices, and ratified the misconduct
detained above by failing to properly discipline, restrict, and control employees,
including defendants Terrence Gruber #261 and Thomas Conroy #271, known to be
irresponsible in their dealings with citizens of the community. Failing to take adequate
precautions in the hiring, promotion, and retention of police personnel. Including
specifically Terrence Gruber #261 and Thomas Conroy #271 for failing to establish
or assure the functioning of a bona fide and meaningful departmental system for dealing
with complaints with bureaucratic power and official denials calculated to  mislead the
public. As a consequence of the abuse of authority detained above, plaintiff sustained
damages alleged in this compliant.

**5.)**                               **<u>Wrongfully Detained</u>**

          On 3-18-11, plaintiff was transported to the Joliet Police Department. Upon the plaintiff's arrival, plaintiff was booked and processed. Plaintiff notice that the defendants no longer had the bottle of the pink vitamins and minerals but instead had them in a clear plastic baggy. Terrence Gruber #261 handed that over to the Evidence Technician Scott P. Cammack #285, who also made perjured testimony in the police reports stating that, "The pink like substance was tested and found to be positive for the presence of ecstasy." Plaintiff has a copy of the Evidence Technician reports regarding his testing and will be used to this complaint and incorporated by reference in it as Exhibit "E." Defendants used perjured testimony in seeking to press charges on plaintiff. Plaintiff was charged and transported to the Will County Adult Detention Facility. Plaintiff was wrongfully detained and bound to appear in court and to answer to the states false charges. Upon the plaintiff's defense counsel request for the Illinois State Police Laboratory reports from the Joliet Forensic Science Laboratory proved that the defendants had been lying the whole time. The pink pills did not contain any substance for which the defendants tested and falsely said that it did. Plaintiff has a copy of the Illinois State Police Laboratory reports and will be used to this complaint and incorporated by reference in it as Exhibit "F." The following evidence was submitted to the Joliet Forensic Science Laboratory on March 23, 2011. That's approximately 5 days after the plaintiff's malicious arrest. Plaintiff was wrongfully detained between 3-18-11, until 5-5-11 when the charges were dropped on the states motion. The defendants knew that they brought up false charges on plaintiff or after the laboratory reports, but instead committed to do nothing about their actions. Defendants acted wrongfully, recklessly, willfully, and maliciously with the intent of injuring and oppressing the plaintiff. The plaintiff was wrongfully detained without probable cause.

**6.)**                      <u>**False Imprisonment**</u>

On 3-18-11, the defendants police officers of the City of Joliet accusing plaintiff of having committed the crime of, unlawful possession of controlled substance under the laws of the state. On the same day at 1:20 AM, these police officers arrested plaintiff and restrained his liberty until plaintiff was discharged, as set out below. The plaintiff was arrested on the request, counsel, and command of the defendants. This arrest was made without a warrant or other legal process and was unlawful, in that no crime had been committed and in that there was no reason or cause for belief that plaintiff had committed any crime. In performing all of these acts, defendants were acting willfully and maliciously. After having been arrested, plaintiff was held in custody and restrained until later in the morning of 5-5-11. The plaintiff was released and discharged by the State's Motion issued and sustained by Judge Daniel J. Rozak. (See Exhibit "D") While under arrest and deprived of his liberty, plaintiff was taken to a police station, fingerprinted, and booked, that is to say, plaintiff's name and pedigree were entered on the police records. According to the police practice on the arrest of criminals; and charge entered noting that the plaintiff had been arrested for unlawful possession of controlled substance. Prior to this arrest, plaintiff had enjoyed a good reputation in and out the City of Joliet, particularly for honesty. In order to obtain his release from this arrest and imprisonment, plaintiff was required to and did employ counsel and was required to expand additional sums of money as well. As a result of the acts described in this complaint, plaintiff was greatly humiliated and subjected to mental and bodily distress. The plaintiff spent at least 50 days incarcerated at the Will County Jail. That's time plaintiff can't get back. The plaintiff employment and college courses were disrupted. Plaintiff financial resources were drained. Plaintiff was dropped out of his college classes and was force to pay for his dropped classes. The plaintiff was unable to pay for his student loans and other bills and as a result to that, several collection actions were brought against the plaintiff, where it has effected his good credit scores. The plaintiff did lose his apartment and his cell phones were cut off and to be stuck with another unpaid bills. The plaintiff was subjected in to public obloquy and it had caused to curtail his associations and creating anxiety in the plaintiff's life, his friends and family. The plaintiff character was assassinated threw the news and social media. The plaintiff's car was towed and damages were done to the car upon the defendants searching the car. The plaintiff was forced to pay a $500 administrative fee, including the tow fee and $40 everyday that the car had to sit for being impounded. Plaintiff has a copy of the following-up report based on, administrative fee receipt, car towed for, who towed the car, and being released. This will be used to this complaint incorporated by reference in it as Exhibit "G." That amount exceeded $755 dollars not including the damages done to the interior and exterior of the car. During the plaintiff's imprisonment, the plaintiff was beaten up by the E.R.T.'S which is another claim, that the plaintiff wishes not to pursue because of the fear of retaliation from the Will County Staff Members. The plaintiff was denied medical treatment for those injuries. In addition, upon the discharge date of the case, plaintiff was set a $5,000 at 10% bond that shouldn't have never been set in the first place. Plaintiff requests damages in the total sums of $10,600,000.00.

**7.)**                              <u>**Malicious Prosecution**</u>

  On 3-18-11, defendant J. Kneller #200 from the Joliet Police Department executed an erroneous and false compliant on oath before the Judge of the County Court of the Twelfth Judicial Circuit of Will County, Illinois, falsely stating that, "The plaintiff did, on 3-18-11, unlawfully and willingly commit an act in violation of the Illinois statutes annotated, commonly known as unlawful possession of controlled substance," respectively. Plaintiff has a copy of this complaint and will be used as Exhibit "H" to this complaint and incorporated by reference in it. As a result of this false complaint a return of an indictment was file upon the plaintiff in the County of Will without probable cause. Plaintiff has a copy of the indictment and will be used as Exhibit "I" to this complaint and incorporated by reference. The defendants relied, wholly or, party on the false statements and allegations of defendants J. Kneller #200, Terrence Gruber #261, and the Evidence Technician Scott P. Cammack #285, in executing the false complaint without probable cause. On 3-18-11, defendants of the Joliet Police Department falsely and erroneously arrested the plaintiff in Joliet, Illinois. The plaintiff was, taken into custody against his will by the defendants in the City of Joliet, and falsely imprisoned against his will at the Will County Adult Detention Facility in Illinois, from that date of arrest until 5-5-11. That was at least a period of 50 consecutive days. On 5-5-11, after plaintiff had been falsely imprisoned against his will for a period of 50 consecutive days, the complaint, information or indictment was, without trial, dismissed on the motion of the Will County Assistant State's Attorney Erin M. Krone, in Illinois and plaintiff was released from imprisonment. (See Exhibit "D") The charges alleged in the complaint were wholly untrue and false, and the complaint was caused to be issued by the defendants, here for reasons unknown to plaintiff at this time. The defendants falsely imprisoned plaintiff against his will and repeatedly refused and neglected to take reasonable and necessary action to ascertain the falsity of plaintiff's, imprisonment. These defendants could have during the duration of plaintiff's false imprisonment, ascertained that plaintiff was being falsely imprisoned had the defendants exercised reasonable diligence in performing his duties and not repeatedly refused to make reasonable and necessary factual investigation of the charges made against the plaintiff. As a result of his false arrest, malicious prosecution, and imprisonment, plaintiff suffered extreme humiliation and embarrassment during the duration of the false imprisonment. As a further result, plaintiff suffered severe mental anxiety and distress, as well as a severe nervous disorder of his entire body during the duration of the imprisonment. Further, plaintiff suffered physical injury and damage to his entire body, particularly to his back, legs, hips, right wrist, hand, and mentally disturbed, which resulted in extreme physical pain and suffering during the duration of his false imprisonment, and continuing for an extended period of time afterward. As a further result of the imprisonment, plaintiff is suffering and will continue to suffer for the rest of his lifetime from mental distress, humiliation, embarrassment, and defamation of his character and reputation, which will, in part, cause him future loss of earnings and restrict his opportunities to hold respect and trusted positions in his employment and community. Plaintiff was injured in the total amount of not less than $10,600,000.00.

**8.)**                    <u>**Assault, Battery, and Negligence**</u>

On 3-18-11, at approximately 1:20 AM, plaintiff was stopped by the Joliet Police Department. It was a pretextual traffic stop which the plaintiff was a passenger of the vehicle. Defendant Terrence Gruber #261 forcibly took the plaintiff out of the vehicle causing him to lose his balance by tripping over a curve. Defendant Terrence Gruber #261 grabbed, tugged, and pulled the plaintiff, grabbed the plaintiff around the arms and torso and thrust the plaintiff face down toward the ground. The plaintiff braced his fall with his hands and pushed himself upon his hands and knees. Defendant Terrence Gruber #261 then came down by kneeing the plaintiff in his back. Defendant Terrence Gruber #261 who out weighed the plaintiff at least 150 pounds at the time maintained staying on the plaintiff's back. The plaintiff landed on the brick sidewalk surface, striking his head and chest against the bricks, immediately causing injuries to the plaintiff's body. Defendant Thomas Conroy #271 yelled, Quit resisting! The plaintiff responded, I'm not resisting! When Terrence Gruber #261 had the plaintiff already in handcuffs the defendants started kicking and punching the plaintiff on the ground making derogatory remarks, to plaintiff. It was 3 to 5 additional Joliet Police Officers just stood by watched and did nothing. The tight handcuffs on the plaintiff's wrists, causing the plaintiff to experience pressure from the cuffs on his right wrist. The position of the short chain between the two cuffs and the tightness of the cuffs on the plaintiff made it impossible for the plaintiff to avoid the twisting and pressure caused by the improperly placed cuffs. The improper placement of the cuffs caused the plaintiff's hand to swell, resulting in numbness and soreness in the plaintiff's right wrist and hand. Defendants actions was not reasonable. The defendants purposely inflicted pain upon the plaintiff. The defendants assault and battered the plaintiff and there actions was in the form of negligence.

**9.)** **<u>Perjury</u>**

On 3-18-11, Defendants Terrence J. Gruber #261, Scott P. Cammack #258, and J.
Kneller #200 is law enforcement officers employed by a law enforcement agency
known as Joliet Police Department within Will County, Illinois. The defendants and each
of them, knowingly, maliciously, and willfully conspired and agreed among themselves to
nutritiously or unlawfully injure plaintiff by committing perjury, here in furtherance of
their conspiracy and agreement, defendants Terrence J. Gruber #261 did in fact sign a
affidavit in support of probable cause stating,"There reports prepared by him is true and
correct." Plaintiff has a copy of affidavit in support of probable cause and it will be used
as Exhibit "J" to this complaint and incorporated by reference in it. This is to prove
Terence J. Gruber #261 is under penalties as provided by law for false certification and
perjury information. Terrence J. Gruber #261 and the other defendants shall be held
accountable for perjury. For making false reports and maliciously arresting plaintiff
without probable cause. Defendants unlawfully and wrongfully seizing plaintiff's person
without probable cause, causing him unlawful detention and incarceration on serious
charges that they knew or should have known were false. The defendants knowingly and
willfully submitting false data regarding the transaction that led to the plaintiff's arrest.
The defendants knowingly and willfully uttering false testimony that led to plaintiff's
complaint and indictment. The defendants stated, "The test results at the Joliet Police
Department was tested and came back as positive for ecstasy," which the defendants
knew indeed was false testimony. (See Exhibit "F") And ( See Exhibit "E") The
defendants conspiring to suborn perjured police testimony. The Joliet Police Department
failed to supervise or properly train the defendants and through their lack of proper
supervision and training permitted these individuals to commit some or all of the acts
complained of in the preceding complaint. The defendants fail to notify the plaintiff's
attorney or the Will County District Attorney that defendants were falsifying their case
files. As a result of the actions of the defendants, plaintiff was indicted under
indictment #11 CF-546, arrested, held overnight in jail, was required to post bail, and
incarcerated for 50 days or more. The charges was finally dismissed on 5-5-11. As a
result solely of the acts of the defendants, plaintiff was denied fundamental rights, was
deprived of liberty, and was forced to answer criminal charges of the most heinous
nature. In addition, plaintiff was forced to undergo the mental scars of the ordeal. The
actions of the defendants were wanton, willful, unlawful, malicious, and vicious, without
regard for the System of Justice in the United States.

**10.)**          ## Intentional Infliction of Emotional Distress

What the plaintiff had to endure, he hasn't been right mentally and physically since the malicious acts took place. The plaintiff is suffering from depression, having a hard time to sleep where he has to take sleeping pills. He's paranoid of what wrongfully might happen to him next. Plaintiff haven't been able to keep a steady job because of the lack of motivation coming from the depression. The plaintiff doesn't talk or interact the same as how he use to since this incident took place. The plaintiff is starting to have suicidal thoughts on his life and is giving up on his communication to friends, family, and those who do try to help make the situation better. Plaintiff rarely comes outside fearing something will happen to him. The plaintiff is eating very poorly which in do time will cause bodily harm to the plaintiff. Defendants conduct in false reports, unlawful search and seizure, excessive force, battery, perjury, wrongfully arrested and false imprisonment circulating on 3-18-11, the arrest was intentional and malicious and done for the purpose of causing plaintiff to suffer humiliation and mental anguish. Defendant's conduct in confirming and ratifying these acts was done with knowledge that plaintiff would suffer emotional distress and was done with a wanton and reckless disregard of the consequences to the defendant's. On the date of arrest it had clearly exposed plaintiff to hatred, contempt, ridicule, and obloquy, because it falsely depicted defendant as a police officer who behaved in a heinous and criminal manner, who intentionally altered a crime scene, and who made false testimony in an attempt to frame the plaintiff. As a direct and proximate result of the defendants scandalous and outrageous acts, plaintiff has suffered humiliation, mental anguish, and emotional distress, all to plaintiff's damages in an amount not less than $10,600,000.00.

**11.)**                          <u>**Official Capacity**</u>

       The plaintiff is a citizen of the United States of America and a resident of Will County, Illinois. The defendant, City Of Joliet is a municipal corporation existing under color of law and by virtue of the laws of the State of Illinois. The defendant's, Joliet Police Department in the City of Joliet is a duly constituted municipal police agency that was created by  functions under the control of the City Of Joliet. The defendant's named in this complaint was, at all material times, a member of the Joliet Police Department in the City of Joliet, County of Will. The actions of the officers constitute false and malicious arrest, perjury, I.D.S.D, assault and battery in violation of Illinois, common law. The City of Joliet is reliable to the plaintiff for the unlawful actions of the defendant's as they was acting within the scope of there employment as a law enforcement officer of the County of Will, in Illinois. The actions of the defendant's constitute negligence in violation of Illinois common law. The officers had a duty to the plaintiff not to place handcuffs on the plaintiff's wrists so that the mere placement of the handcuffs caused pain and injury. The officers breached their duty when they placed handcuffs on the plaintiff's wrists in the manner that caused the plaintiff pain and injury and without probable cause. This breach of their duty constituted negligence in violation of Illinois common law and was one of the direct and proximate  cause of the plaintiff's pain and injury. The defendant's City Of Joliet and the Joliet Police Department is liable to the plaintiff for the unlawful actions of the officers as they were acting within the scope of their employment as law enforcement officers from the Joliet Police Department in the City Of Joliet. The actions of the officers set forth in this complaint violated the plaintiff's right to be free from unreasonable detention, abuse of due process, search and seizure, under the Fourth and Fourteenth Amendment of the United States Constitution. Defendants is liable to the  plaintiff for these unlawful actions in violation of the United States Constitution of America.

# V.    Relief:

The actions and omissions described in this complaint, engaged under the color of state authority by the defendants. (Including defendant the Will County Board, sue as a person and responsible because of its authorization, condemnation, and ratification of the acts of its agents), deprived the plaintiff of rights secured to him by the constitution of the United States. The defendants actions were done with the knowledge by defendants that these acts would cause plaintiff to suffer great humiliation, mental anguish, and injury. Defendants actions were, therefore, despicable conduct and so willful, wanton, intentionally and actually malicious and oppressive as to justify the award for damages. Solely as a result of these actions, plaintiff was deprived of his freedom for a period of time, suffered severe emotional trauma and injury, was subjected to great fear and terror, and personal humiliation and degradation has continued to suffer from mental and emotional distress as a result of the unlawful conduct of the defendants, and has been caused to fear repetition of the unlawful conduct by the defendants, and has been cause to fear repetition of the unlawful conduct by the defendants or by other police officers. Each of the defendants, jointly and severely, acted maliciously, willfully, and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated rights of the plaintiff's Fourth, Fourteenth, and Eighth Amendments. All of these rights are secured to the plaintiff by provisions of the Amendment of the Constitution in the United States of America and which all of the defendants named here in this compliant had clearly violated the plaintiff's rights. The defendants intentionally and for the purpose of causing sever mental distress conducted themselves toward in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency. Defendants did at times and in the manner set forth above prosecuted the plaintiff maliciously without probable cause. Defendants were responsible for the institution or continuance of the original felony criminal proceedings against plaintiff. The felony criminal proceedings instituted and continued against the plaintiff were wholly without legal or probable cause, were instituted and continued with malice, and the proceedings were terminated in favor of the plaintiff. (See Exhibit "D") Plaintiff's prayer for relief and seeks:

A.  On all the claims stated in this complaint the plaintiff asks court to enter declaratory judgment against defendants, Will County Board, City Of Joliet, and the Joliet Police Department, and their employees named in this complaint;

B.  An award of punitive and exemplary damages to plaintiff in an amount to be determined by the trier of facts as sufficient to punish each defendant against whom (plaintiff), these damages are awarded and sufficient to deter similar conduct in the future by these defendants;

**C.** An award of Special damages, pain and suffering damages for the injuries that the plaintiff suffered as a result of the claims stated in this complaint. The plaintiff asks the court to hold defendants jointly and severely liable for there malicious conducts;

**D.** An award of general and compensatory damages to plaintiff in an amount to be determined by the trier of fact as sufficient to compensate the plaintiff for the injuries described in this complaint;

**E.** An award of negligence and personal injury to plaintiff;

**F.** An award total in the sum: $10,600,000.00;

**G.** If this Honorable Court deems proper, that criminal charges be filed by the U.S Attorney Office, in this matter, pursuant to Illinois or Federal Criminal Statues against Officer **Terrence J. Gruber #261**, **Thomas Conroy #271** for **Battery, Assault, Perjury, and Police Misconduct**, in further, officers **Scott P. Cammack #285, and J. Kneller #200** for **Perjury**;

**H.** An award of reasonable costs and expenses to plaintiff in this action, including attorney's fee if any; and

**J.** An award to plaintiff of all other relief that is justified proper.

## VI.

Plaintiff demands a jury trial of his constitutional claims against all the defendants named in this Civil Action.

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court. E. M

Signed this 10 day of April , 20 13

**OFFICIAL SEAL**
**CHRISTINE A MILLER**
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/11/15

*Elijah Manuel*
(Signature of plaintiff or plaintiffs)

Elijah Manuel
(Print name)

**State of Illinois**
**County of Will**
**Signed before me on (date)** 4/10/13

2012-0000555
(I.D. Number)

*Christine A Miller*
**Signature of notary public**

95 S. Chicago St.

Joliet, IL 60436

# Exhibit A

When the stop occurred the driver was license and the vehicle was insured (see exhibit A)



| POLICY NUMBER | DECLARATIONS |
|---|---|
| 12AU000781251 | NEW BUSINESS |

| 2/27/2011 | 2/27/2012 | 12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED AS STATED HEREIN |
|---|---|---|

| NAMED INSURED AND ADDRESS | PRODUCER |
|---|---|
| ELIJAH MANUEL<br>1014 E CLINTON ST<br>JOLIET IL 60432 | SAMCO AGENCY LTD<br>PO BOX 815<br>WOOD DALE IL 60191<br><br>0117-0000-IL<br>PHONE 630-227-9000 |

| NO | OPERATORS | DATE OF BIRTH | DRIVERS LICENSE | CLASS | TERR | SR22 |
|---|---|---|---|---|---|---|
| 1 | ELIJAH MANUEL | 6/1/1985 | M540-2008-5156 | 2L | 67 | Y |

| NO | YEAR | MAKE | MODEL | VEHICLE IDENTIFICATION NUMBER | SYM |
|---|---|---|---|---|---|
| 1 | 2008 | DODGE | CHARGER | 2B3KA43G48H190772 | 35 |

| LIENHOLDERS ANY LOSS UNDER COVERAGE E IS PAYABLE TO THE NAMED INSURED AND LOSS PAYEE AS INTEREST MAY APPEAR | | | | |
|---|---|---|---|---|
| 1 | GALARZA MOTORS | 1601 N BROADWAY | CREST HILL, IL 60435- | LH |

THE LIMIT(S) OF THE COMPANY'S LIABILITY IS AS STATED BELOW (FOR EACH CATEGORY OF COVERAGE). ABSENCE OF AN ENTRY IN ANY CATEGORY MEANS NO COVERAGE.

| ITEM | COVERAGE | LIMIT OF LIABILITY | PREMIUM | | | |
|---|---|---|---|---|---|---|
| A1 | BODILY INJURY (PER PERSON / PER ACCIDENT) | 20,000/40,000 | $175 | | | |
| A2 | PROPERTY DAMAGE (PER ACCIDENT) | 15,000 | $116 | | | |
| A3 | MEDICAL PAYMENTS | | | | | |
| B | UNINSURED MOTORIST - BODILY INJURY (PER PERSON / PER ACCIDENT) | 20,000/40,000 | $100 | | | |
| B | UNINSURED MOTORIST - PROPERTY DAMAGE ($250 DEDUCTIBLE APPLIES) | | | | | |
| C | UNDERINSURED MOTORIST - BODILY INJURY (PER PERSON / PER ACCIDENT) | | | | | |
| E7 | COMPREHENSIVE (LESS DEDUCTIBLE) | | $500 DED $471 | | | |
| E8 | COLLISION (LESS DEDUCTIBLE) | | $500 DED INCL | | | |
| E9 | TOWING - PER OCCURRENCE | | | | | |
| E10 | RENTAL (REIMBURSEMENT) | | | | | |
| | | SUB TOTAL | $862 | | | |

| TOTAL POLICY PREMIUM | $862 |
|---|---|

**IF MORE THAN ONE AUTOMOBILE IS DESCRIBED ON THIS DECLARATIONS PAGE, THE LISTING OF SEPARATE PREMIUMS FOR EACH VEHICLE'S COVERAGE DOES NOT INCREASE THE COVERAGE AVAILABLE UNDER THIS POLICY. STACKING OF COVERAGE IS NOT ALLOWED UNDER THIS POLICY.**

| ENDORSEMENTS ATTACHED TO AND FORMING PART OF THIS POLICY: |
|---|
| ILAPP010100, ILDEC010100, ILPF080108 |

# Exhibit A

When the stop occurred the driver was license and the vehicle was insured (see exhibit A)





ILLINOIS LIABILITY INSURANCE IDENTIFICATION CARD

**ACCESS AMERICAN** CASUALTY COMPANY

COMPANY # 10730
1S450 SUMMIT AVENUE, SUITE 230
OAKBROOK TERRACE, ILLINOIS 60181

| Policy Number | Effective Date | Expiration Date |
|---|---|---|
| 12AU000781251 | 02/26/2011 3:06PM CT | 2/27/2012 |

| Year | Make/Model |
|---|---|
| 2008 | DODGE/CHARGER |

**IDENTIFICATION NUMBER**  2B3KA43G48H190772

**AGENCY INSURANCE CO. ISSUING CARD**

SAMCO AGENCY LTD  630-227-9000

**INSURED**

ELIJAH MANUEL

**Driver(s) Covered:**

ELIJAH MANUEL

**ADDRESS**

1014 E CLINTON ST

**CITY, STATE, ZIP**

JOLIET, IL 60432

**SEE IMPORTANT INFORMATION ON REVERSE SIDE**

---

IF YOU HAVE AN ACCIDENT NOTIFY POLICE IMMEDIATELY

**REPORT ALL ACCIDENTS TO YOUR AGENT/AMERICAN ACCESS CASUALTY COMPANY AS SOON AS POSSIBLE. OBTAIN THE FOLLOWING INFORMATION:**

1.  NAME, ADDRESS, AND TELEPHONE NUMBER OF EACH DRIVER, PASSENGER, AND WITNESS.
2.  NAME OF EACH INSURANCE COMPANY AND POLICY NUMBER FOR EACH VEHICLE INVOLVED.
3.  DO NOT ADMIT FAULT. DO NOT DISCUSS THE ACCIDENT WITH ANYONE EXCEPT YOUR INSURANCE AGENT OR AMERICAN ACCESS CASUALTY COMPANY OR THE POLICE.

**EXAMINE POLICY EXCLUSIONS CAREFULLY. THIS FORM DOES NOT CONSTITUTE ANY PART OF YOUR INSURANCE POLICY.**

**(630)645-7750**

VEHICLE BUYERS ORDER

## Galarza Motor Sport L.T.D.

1601 N. Broadway • Crest Hill, IL 60403
815/ 723-9777 • FAX 815/ 723-9627

| | |
|---|---|
| DATE | March 07, 2011 |
| CONTROL NO. | 11558101-9 |
| STOCK NO. | 6819 |
| SALESMAN | Gerry Johnson |

PURCHASER **Elijah Manuel**   RES. PHONE **815-722-7001**

ADDRESS **1014 E. Clinton**   BUS. PHONE **815-671-7508**

CITY **Joliet**   STATE **IL**   ZIP **60432**   **Will County**

PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☐ NEW ☒ USED or ☐ DEMO ☒ CAR or ☐ TRUCK

| YEAR | MAKE | MODEL | BODY STYLE | COLOR | TRIM |
|---|---|---|---|---|---|
| 2008 | DODGE | CHARGER | 4DR | BLACK | |

SERIAL NO. 2B3KA43G**████**  MILES 049,325

| OPTIONAL EQUIPMENT: | | |
|---|---|---|
| | BASE PRICE | 15500.00 |
| | DEALER INSTALLED OPTIONS: | N/A |
| | | N/A |
| | | N/A |
| | | N/A |

If the balance due on the car I am trading in is an amount greater than shown on this Order, I agree to pay the additional amount in cash upon request. Order accepted subject to factory price increase and reappraisal of trade-in at times of delivery.

SIGNATURE OF BUYER:

X

1. ID card, drivers license number and state license number
2. Used car title
3. Customer sign license and title application
4. Customer sign tax form
5. Customer sign power of attorney for tax form and title
6. Retail order signed by customer and sales manager
7. Odometer Statement signed by customer

NO PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE ISSUED WITH THIS TRANSACTION. I may choose the person through which any insurance is obtained and am not required to obtain Credit Life Insurance coverage.

USED VEHICLES. GALARZA MOTOR SPORT L.T.D. makes no express warranties with respect to the used vehicle sold hereunder except as shown on the attached separate warranty statement, if any, a copy of which I have received and is hereby made a part of this contract. This separate warranty statement, if applicable to the contract, may also contain disclaimers of warranty and limitations of liability which also become a part of this contract. IF NO SEPARATE WARRANTY STATEMENT IS EXPRESSLY MADE A PART OF THIS CONTRACT FOR THE SALE OF A USED VEHICLE, GALARZA MOTOR SPORT L.T.D., TO THE EXTENT PERMITTED BY LAW, EXPRESSLY DISCLAIMS AND EXCLUDES ANY AND ALL WARRANTIES WHETHER EXPRESSED OR IMPLIED WITH RESPECT TO THIS USED VEHICLE, INCLUDING ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AND STATES THAT THIS SALE IS AN "AS IS" SALE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

XX shall in no event be entitled to recover from GALARZA MOTOR SPORT L.T.D. any incidental or consequential damages in connection with this order including, without limitation, damages resulting from injury to property, loss of use, loss of time, loss of profits or loss of income.

XX hereby acknowledge that I have read and understand the foregoing specific warranty information concerning the vehicle to be sold hereunder, including any separate warranty statements made a part of this contract.

SIGNATURE OF BUYER: X *Elijah Manuel*

| | | | |
|---|---|---|---|
| PRICE OF VEHICLE AND ACCESSORIES | | $ | 15500.00 |
| USED CAR ALLOWANCE | | $ | 5150.00 |
| DIFFERENCE | | $ | 10350.00 |
| DOCUMENTARY SERVICE FEE | | $ | 150.00 |
| TOTAL OF ABOVE ITEMS | | $ | 10500.00 |
| SALES TAX | | $ | 735.00 |
| LIC. FEES ☐ TRANSFER ☐ RV ☐ PASS ____ PLATE | | $ | 120.00 |
| TOTAL | | $ | 11355.00 |
| SERVICE CONTRACT | | $ | 1995.00 |
| BALANCE OWING ON USED CAR | | $ | N/A |
| BALANCE OWED TO: | | $ | |
| DEPOSIT RECT # | | $ | 400.00 |
| | | $ | N/A |
| GAP WAIVER | | $ | 750.00 |
| CASH DUE ON BALANCE | | $ | |
| AMOUNT FINANCED | | $ | 13700.00 |

DESCRIPTION OF TRADE IN:

| YEAR | MAKE | MODEL |
|---|---|---|
| 2005 | Pontiac Grand Prix | |

SERIAL NO. 2G2WP522O511**████**  MILES 096,753

XX have requested GALARZA MOTOR SPORT L.T.D. to attempt to arrange the financing of this purchase for me. I understand that unless such financing is arranged, this order does not constitute a binding contract and either party may cancel it.

I have not requested and do not presently intend to request GALARZA MOTOR SPORT L.T.D. to attempt to arrange financing of this purchase for me. I understand that once this order is signed by me and accepted by GALARZA MOTOR SPORT L.T.D., it is a fully binding contract. If I should fail to fulfill my obligations under this contract, GALARZA MOTOR SPORT L.T.D. may, among other remedies, retain from my down payment an amount equal to $500.00 or 20% of the purchase price of the vehicle, whichever is less.

SIGNATURE OF BUYER: X *Elijah Manuel*

### THIS TRANSACTION IS NON-CANCELLABLE AFTER THE SIGNING OF THIS AGREEMENT EXCEPT AS PROVIDED HEREIN.

This order is subject to correction of any mathematical error by sales or office personnel. I certify that I am 18 years of age or older.

I ACKNOWLEDGE THAT I HAVE READ THE TERMS OF THIS ORDER AND THAT I HAVE RECEIVED A COPY OF THIS ORDER. I HAVE READ THE MATTER ON THE BACK OF THIS ORDER AND AGREE TO IT AS PART OF THIS ORDER THE SAME AS IF IT WERE PRINTED ABOVE MY SIGNATURE.

SIGNATURE OF BUYER: *Elijah Manuel*   APPROVED AND ACCEPTED BY:

THIS ORDER IS NOT VALID UNLESS SIGNED & ACCEPTED BY GARLAZA MOTOR SPORT L.T.D.

J-M PRINTERS, INC. 815/727-1879  REVISED

use as Exhibit B

# Type of Transaction(s):

- [ ] Title and Plates
- [XX] Title and Transfer
- [ ] Title Only
- [ ] Duplicate Title
- [ ] Corrected Title
- [ ] Salvage Certificate
- [ ] Junking Certificate
- [ ] Plates Only
- [ ] Sticker Only
- [ ] Transfer Only
- [ ] Corrected ID Card
- [ ] Duplicate ID Card
- [ ] Single Plate Replacement
- [ ] Set of Plates Replacement
- [ ] Sticker Replacement
- [ ] Reclass of License Plates
- [ ] Resale of License Plates
- [ ] Other:

**2** Current Plate Number **8825005**
**3** Plate Type Requested

Do not write in Validation Area

IGEA04/27/11:01:1840: 120.00 CK01
8825005                    TT
FOR DEPOSIT ONLY

## 5 OWNER INFORMATION

First **Elijah**  Last **Manuel**  Middle

First  Last  Middle

Residence/Business Street Address
**1014 E. Clinton**

City **Joliet**  State **IL**  ZIP **60432**

0746176470

**6** Owner 1 DL/FEIN #

Owner 2 DL/FEIN #

## 7 VEHICLE INFORMATION

Vehicle Identification Number (VIN) **2B3KA43G48H190772**

**8** Purchase Date **03.21.2011**  New [ ]  Used [X]
Month Day Year

Year **2008**  Make **DODGE**  Model **CHARGER**  Body Style **4DR**  Color **BLACK**

**9** Current Odometer Reading (No Tenths) **049,325**  [X] Actual  [ ] Not Actual  [ ] In Excess of Mechanical Limits  [ ] 10 years or older (mileage not required)

[ ] Rebuilt  [ ] Flood  [ ] Other Branded Title State  [ ] MCY C C  Mobile Home Sq Ft  [ ] Rental  [ ] Leased

Check if GVWR over 16,000 pounds (odometer reading not required) Yes [ ]  Gross Weight (RV, RT, TRK, BUS, TRLR)  For Hire [ ]  # of Axles

**10** Surrender Title Number and State **X00571640220**  State

**11** File Number

**12** Unit Number

## 13 MAIL TITLE TO (IF DIFFERENT THAN ABOVE)

Name

Street Address

City  State  ZIP

## 14 VEHICLE INSURANCE INFORMATION (TRAILERS EXEMPT)

Insurance Company Name (Do not list agent)

Policy Number

Expiration Date

## 15 FIRST LIENHOLDER

Name **Abri Credit Union**

Street Address **1350 W. Renwick**

City **Romeoville**  State **IL**  ZIP **60446**

## 16 SECOND LIENHOLDER

Name

Street Address

City  State  ZIP

## 17 TRANSFER INFORMATION

Year **2005**  Make/Model **Pontiac**

VIN **2G2WP522051148246**

## 18 SELLER'S INFORMATION (INDIVIDUAL OR DEALERSHIP)

Name **Galaxxa Motor Sport LTD.**  Dealer # **2502**

Address **2602 N. Broadway, Crest Hill, IL 60435**

## 19 REASON(S) FOR CORRECTED OR DUPLICATE TITLE

State all reasons for corrections or duplication.

## 20 REASON FOR REPLACEMENT PLATES/STICKER

- [ ] Lost  [ ] Stolen  [ ] Destroyed
- [ ] Requesting a Different Number  [ ] Repossessing

## 21 WHEN REPLACING PLATES, YOU MUST CHECK ONE:

- [ ] I wish to be issued a random-number plate
- [ ] I wish to retain my current plate number

## 22 BENEFICIARY INFORMATION

Name

Address

ZIP  Country

**23** Daytime Phone Number (optional)

## 25 AUDITOR'S USE ONLY

TRP NUMBER  Tax Form Number **115581019**

Circle All Attachments
POA, Small Estate, Affidavit, Affirmation, Loan/Lease Agreement, Lien Release, Release of Interest, Death, Note, Other(s)

TAX PAID JO 10

**24** Signature(s)

Your signature on the application authorizes the Secretary of State to lower the amount of your check if the fee submitted is greater than the fee required for mail-in transactions.

I/We hereby affirm that the information is true and correct and, when applicable, I/we abide by the Mandatory Insurance Law requiring liability insurance throughout the registration period. If applying for a title for a motor vehicle nine years old or newer, I/we also acknowledge awareness of the odometer certification made by the seller.

Circle Quarter  1st 2nd 3rd 4th

POA ATTACHED

JO 4

Exhibit B

## RETAIL INSTALLMENT CONTRACT – MOTOR VEHICLE – SIMPLE INTEREST

No. _____

**Itemization of Amount Financed**

Cash Price .......................... $ 15500.00
Less Cash Downpayment ......... $ 400.00
Value of Trade-In
Trade $ 5150.00
Lien Payoff $ -0-
To: N/A Net Trade $ 5150.00
Amounts Paid on Your Account
Unpaid Balance of
Cash Price .......................... 9950.00
Amount Paid to Others for You
*WE MAY BE RETAINING A PORTION OF THIS AMOUNT
Unpaid Balance
Due on Trade-In -0-
2005 Pontiac Grand Prix
Year, Make, Model of Buyer's Trade-In
(Paid to) N/A

### FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your downpayment of $ 5550.00 |
| 6.74 % | $ 2476.00 | $ 13700.00 | $ 16176.00 | $ 21726.00 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 269.60 | monthly beginning April 06, 2011 |
| N/A | $ N/A | N/A |

**Security:** You are giving a security interest in the goods being purchased and in any moneys, credits or other property of yours in the possession of the Assignee, on deposit or otherwise.

**Late Charge:** If any payment is ten (10) days late, you will be charged: i) 5% of the installment if the installment is in excess of $200.00; or ii) $10.00 if the installment is for $200.00 or less.

**Prepayment:** You have the right to prepay the unpaid balance in full or in part at anytime without penalty. See your contract terms below and on the reverse side for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties and further information about security interests.

*Insurance Companies:
  N/A $ -0-
  N/A $ -0-
  N/A $ -0-

Public Officials
(Licenses, Title & Taxes) $ 855.00
-0-
*Paid to ERT Service Provider for *Optional ERT Fee* $
* To CarCo Gap & Galarza Motor Sport's LTD. & others for GAP $ 750.00
* To Galarza Motor Sport LTD. & PYP for ESC $ 1995.00
* To Galarza Motor Sport LTD. and others for Doc. Fee $ 150.00

Buyer(s) **Elijah Manuel, 1014 E. Clinton,** **Joliet,** **IL 60432 Will**
(Names) (Residence Address) (City) (State) (Zip)

Buyer(s) **N/A**
(Names) (Residence Address) (City) (State) (Zip)

Seller **Galarza Motor Sport LTD., 1601 W. Broadway,** **Crest Hill,** **IL 60435**
(Corporate Firm or Trade Name) (Business Address) (City) (State) (Zip)

Seller hereby sells and Buyer or Buyers, jointly and severally, hereby purchase the following motor vehicle with accessories and equipment thereon for the deferred payment price and on the terms set forth in this contract. Buyer acknowledges delivery and acceptance of said motor vehicle in good condition.

| New or Used | Year | Make of Vehicle | Model | Body Style | No. Cyl. | Serial Number | Body Color | Top Color | Key No. |
|---|---|---|---|---|---|---|---|---|---|
| Used | 2006 | DODGE | CHARGER | 4DR | | 2B3KA43G66H190772 | BLACK | N/A | |

Buyer Promises to pay to the order of Seller at the offices of:
**Abri Credit Union** (Assignee) located in **Romeoville, IL** , Illinois
the Amount Financed shown above together with a Finance Charge on the principal balance of the Amount Financed from time to time unpaid at the rate of **6.74** %
per annum from date until maturity in **59** installments of $ **269.60** each and a final installment of $ **269.60** , beginning on **April 06, 2011** and continuing on the same day of each successive month thereafter until fully paid. All payments shall be applied first to accrued Finance Charge and the balance to principal. The Finance Charge has been computed on the scheduled unpaid balances of the Amount Financed on the assumption that all scheduled installments will be paid when due. Guarantor, if any, guarantees collection of all amounts due under this contract upon failure of the Seller to collect from the Buyer named herein.

**SECURITY INTERESTS:** Seller is granted a purchase-money security interest in the motor vehicle described above and all accessions under the Illinois Uniform Commercial Code until the Total of Payments and all future indebtedness for taxes, liens, repairs and insurance premiums advanced by holder hereunder are paid in full. Buyer grants assignee the right of set-off or lien on any moneys, credits or other property of Buyer in possession of the Assignee, on deposit or otherwise, excepting IRA or similar deposits. Seller is also granted a security interest in any premium rebates for insurance or service contracts, if financed hereunder, in the proceeds of any insurance or service contract on the motor vehicle, and in the proceeds of any credit life and/or accident and health insurance financed hereunder, until all amounts due under this contract are paid in full.

**ACCELERATION:** Buyer agrees that (1) if Buyer shall default in the payment of any installment of the Total of Payments or any other indebtedness due hereon; or (2) Buyer shall fail to perform any agreement or warranty made by Buyer herein; or (3) if the motor vehicle shall be lost, stolen, substantially damaged, destroyed, sold, encumbered, removed, concealed, attached or levied upon; or (4) if the motor vehicle shall be seized or forfeited for violation of any law or ordinance, State, Federal or Municipal; or (5) a proceeding under any bankruptcy or insolvency statute shall be instituted by or against Buyer or Buyer's business or property, or Buyer shall make an assignment for benefit of creditors, or (6) if Buyer shall die or be adjudged incompetent; or (7) if holder shall, for reasonable cause, deem itself insecure; or (8) if Buyer shall fail to keep the motor vehicle fully insured for the entire term of this contract, the holder may declare all unpaid installments of the Total of Payments and all other indebtedness secured hereby immediately due and payable, without notice or demand.

use as Exhibit "B"

**PREPAYMENT:** THE BUYER MAY PREPAY IN FULL OR IN PART THE UNPAID BALANCE OF THE CONTRACT AT ANY TIME WITHOUT PENALTY.

**DELINQUENCY CHARGE:** If any payment is ten (10) days late, you will be charged: i) 5% of the installment if the installment is in excess of $200.00: or ii) $10.00 if the installment is for $200.00 or less. In addition, Buyer agrees to pay reasonable attorneys' fees, costs and expenses incurred in the collection or enforcement of the debt or in realizing on the collateral. Buyer agrees to pay Finance Charges after maturity of the final installment, or after acceleration upon default, at the Annual Percentage Rate stated herein so long as there exists any uncured default hereunder, all without relief from valuation or appraisement laws.

**INSURANCE AGREEMENT:** Motor Vehicle Damage or Loss insurance is required by Seller. (Buyer may choose the person through whom the insurance is to be obtained. If such insurance is to be obtained through Seller, the cost for a term of ___N/A___ months will be $ ___N/A___

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT**

**Credit Insurance** is not required by Seller nor is it a factor in approval of the extension of credit. No credit insurance is to be provided unless the Buyer signs the appropriate authorization below. Group Credit Insurance is available for the term of the credit upon acceptance by insurer at the following costs:

Credit Life Insurance $ ___N/A___          Credit Disability Insurance $ ___N/A___

| I desire Credit Life Insurance. | I desire Credit Disability Insurance. | I DO NOT want Credit Life or Disability Insurance. |
|---|---|---|
| N/A | N/A | _Elijah Manuel_   03-07-2011 |
| (Age of Insured)  (Signature)  (Date) | (Age of Insured)  (Signature)  (Date) | (Signature)  (Date) |
| N/A | N/A | N/A |
| (Age of Insured)  (Signature)  (Date) | (Age of Insured)  (Signature)  (Date) | (Signature)  (Date) |

**SEE REVERSE HEREOF FOR INFORMATION ON POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM.**

**NOTICE OF PROPOSED GROUP CREDIT LIFE INSURANCE**

If a charge is made above for credit life insurance and if such insurance is to be procured by assignee, the undersigned takes notice that the decreasing term insurance written under a Group Credit Life Insurance Policy is to be purchased on the life of the Buyer or Buyers who signed above requesting it, subject to acceptance by the insurer and issuance of a certificate by
(Insurer)                                                (Home Office Address)

The amount of premium is shown above. The term of insurance will commence on the date of this contract and expire on the originally scheduled maturity date of the indebtedness. The initial amount of insurance will be equal to the initial indebtedness and will decrease as any payment is made on the indebtedness in an amount computed by multiplying the amount of the payment by the ratio of initial insurance over the initial indebtedness. The proceeds of any insurance paid will be applied to reduce or extinguish the indebtedness. If insurance is terminated prior to the scheduled maturity date of the indebtedness, any premium refund will be paid or credited promptly to the person entitled thereto. Refund formula is on file with the Director of Insurance and with creditor. All of the foregoing is subject to the provisions of the certificate of insurance to be issued.

Other insurance: ___N/A___, the cost for a term of ___N/A___ months will be $ ___N/A___
(Type of Insurance)

**BUYER AGREES THAT THE PROVISIONS ON THE REVERSE SIDE HEREOF SHALL CONSTITUTE A PART OF THIS RETAIL INSTALLMENT CONTRACT AND BE INCORPORATED HEREIN. If this contract evidences the sale of a used motor vehicle (1) Buyer acknowledges receipt of the original or a true copy of the "Buyer's Guide" form displayed by Seller on the side window of the used vehicle; and (2) THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS USED VEHICLE IS A PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**
**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**
**DOCUMENTARY FEE: A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 2008, WAS $150. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $150 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.**

The Annual Percentage Rate may be negotiable with the Seller. If this Contract is assigned, Seller may retain or receive a portion of the Finance Charge.
**NOTICE TO BUYER: 1.** Do not sign this agreement before you read it or if it contains any blank spaces. **2.** You are entitled to an exact copy of the agreement you sign. **3.** Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge. Buyer acknowledged receipt of a fully completed copy of this contract executed by both Seller and Buyer. Guarantor, if any, acknowledged receipt of completed copies of this contract and of Explanation of Guarantor's Obligation.

**CO-BUYER:** A Co-Buyer is a person who agrees to be primarily responsible for paying the entire debt and who (1) actually receives the vehicle or (2) is a parent or spouse of the Buyer, or (3) will be listed as an owner on the vehicle's title. By signing below, (1) I confirm that I will actually receive possession of the vehicle or will use it, or that I am a parent or spouse of the Buyer, or that I will be listed as an owner on the vehicle's title; (2) I agree to be primarily obligated under this contract; and (3) I consent to the Creditor having a security interest in the vehicle.

Dated: ___March 07, 2011___

Seller ___Galarza Motor Sport LTD.___

By: _[signature]_      N/A      TITLE

Guarantor _____

Buyer(s) acknowledges receipt of a fully completed and executed copy of this Contract.

**RETAIL INSTALLMENT CONTRACT**

Buyer x _Elijah Manuel_      03-07-2011

Buyer _____      N/A

I hereby guarantee the collection of the above described amount upon failure of the seller named herein to collect said amount from the buyer named herein.

**INSTRUCTIONS:** If parent, spouse, or other person who is or will be listed as an owner on the vehicle's title is a co-buyer, sign above. Other co-signers, sign on the Guarantor line.

Copyright 2008  *ILLIANA FINANCIAL, INC.*, Elmhurst, IL (All Rights Reserved)      **ORIGINAL**      Form IFI-26 (Rev. 1/08)

use AS      Exhibit "B"

ASSIGNMENT

FOR VALUE RECEIVED, Seller hereby sells, assigns and transfers to _**ABRI CREDIT UNION**_

| |
|---|
| (Name of Assignee)   (Address of Assignee) |

ASSIGNEE, its successors and assigns, all of Seller's right, title and interest in and to the within contract and the motor vehicle described therein. To induce Assignee to purchase said contract, Seller represents and warrants to Assignee (1) that the within contract is valid and genuine and correctly states the terms of the retail installment transaction between Seller and Buyer; (2) that the motor vehicle described has been delivered to and accepted by the Buyer; (3) that the down payment was paid in full, in cash or in trade, and that no part was loaned to Buyer by Seller; (4) that Seller had good title to and the right to sell said motor vehicle to Buyer and that the motor vehicle is free of all liens, claims and encumbrances; (5) that no notice of any defense or right of action has been received by Seller from Buyer nor has Seller any knowledge of any fact that would impair the validity of the contract; (6) that Seller has the right to sell and assign this contract to Assignee; (7) that all buyers have legal capacity to contract; (8) that on the date of the contract Seller executed and delivered to each Buyer a completed copy of the contract and to the Guarantor a completed copy of the contract and Explanation of Guarantor's Obligation; (9) Seller has complied with all requirements of the Federal Truth in Lending Act, Regulation Z, the Federal Equal Credit Opportunity Act and the Illinois Motor Vehicle Retail Installment Sales Act and the regulations of all governmental agencies; (10) that on the date of the contract, Seller assigned to Buyer the Manufacturer's Statement of Origin or the existing Certificate of Title, as the case may be, issued covering said motor vehicle, procured from Buyer a signed application for a new certificate of title to be issued to Buyer and mailed to Assignee showing correctly the date of the within contract, the name and address of Assignee as holder of the first lien on the motor vehicle and the amount of said lien and caused to be delivered to the Secretary of State of Illinois all of the documents described with the prescribed fee; (11) that the motor vehicle has not been used as a taxi or for hire or for commercial transportation or by law enforcement agencies; (12) that the sale was made at Seller's place of business and was not a door-to-door sale within the definition of the Federal Trade Commission Trade Regulation Rule or the Illinois Consumer Fraud Act; and (13) that the Seller believes the Buyer to be of good moral character and that Buyer will not use or permit said vehicle to be used for unlawful purposes. If any of the foregoing representations and warranties is breached, Seller agrees to repurchase the within contract for the unpaid balance and all other indebtedness then due from Buyer thereon, together with reasonable attorneys' fees, costs and expenses incurred by Assignee.

Dated: ___**3-7-11**___ _GASCARZA_

By: _____
    Authorized Signature                    Title

### REPURCHASE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller agrees, in the event a claim or defense is asserted against Assignee by the Buyer at any time, Seller shall, on demand, repurchase the within contract for cash at a price equal to the net amount remaining unpaid on said contract; and Seller shall indemnify and hold Assignee harmless from any and all liabilities that may result at any time from any claim asserted by Buyer for recovery of amounts paid arising out of any promise, representation or warranty made by Seller or the Manufacturer to Buyer.

Dated: _____

                                  Seller

By: _____
    Authorized Signature                    Title

### FULL RECOURSE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations to set forth in the above assignment, Seller unconditionally guarantees prompt and full payment by Buyer of the Total of Payments and all other amounts due from Buyer under the within contract. If Buyer shall fail to pay any installment when due, Seller agrees to pay to Assignee, on demand, the full amount remaining unpaid on said contract. Seller agrees that it shall not be necessary for Assignee to proceed first against Buyer or to have recourse to the motor vehicle before proceeding to enforce this agreement. Extension of the time of payment or variation of terms effected by Assignee with Buyer shall not release Seller from his obligation hereunder.

Dated: _____

                                  Seller

By: _____
    Authorized Signature                    Title

### LIMITED REPURCHASE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller agrees, in the event that Assignee repossesses the motor vehicle described in the within contract on account of default by Buyer and delivers the same to Seller, Seller shall, on demand, repurchase said motor vehicle for cash at a price equal to the amount remaining unpaid on said contract plus all costs and expenses, including attorneys' fees, incurred by Assignee by reason of Buyer's default or in connection with repossession and delivery of the motor vehicle. This repurchase agreement shall remain in effect until Buyer has paid _____ full installments of the Total of Payments. Extension of the time of payment or variation of terms effected with the Buyer shall not release Seller from his obligation hereunder.

Dated: _____

                                  Seller

By: _____
    Authorized Signature                    Title

### LIMITED GUARANTEE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller unconditionally guarantees that, in the event of default by the Buyer in the full payment of any installment of the within contract when due, Seller will pay to Assignee, on demand, the unpaid balance then due on the contract up to the limit of $ _____ This guarantee shall terminate after Buyer has paid _____ full scheduled installments on the Total of Payments. Extension of the times of payment or variation of terms effected by Assignee with Buyer shall not release Seller from his obligation hereunder.

Dated: _____

                                  Seller

By: _____
    Authorized Signature                    Title

_use as EXhibit "B"_

# JOLIET POLICE DEPARTMENT
## VEHICLE TOW & INVENTORY REPORT

| COLOR _Black_ | YEAR _08_ | MAKE _DODGE_ | REPORT NUMBER _11031800 46 86_ |
|---|---|---|---|
| MODEL _CHARGER_ | | BODY STYLE _2-DOOR_ | |

V.I.N. ▓▓▓▓▓▓▓▓▓▓▓

LEADS / NCIC # _N/A_

| LICENSE or APPLIED FOR CONTROL # _8825005_ | YEAR _11_ | STATE _FL_ | APPLIED FOR ISSUER |
|---|---|---|---|

| REASON (S) FOR VEHICLE TOW ( See Reverse) | ADMINISTRATIVE FEE | CODE |
|---|---|---|
| 1) _PCS_ | _$500.00_ | _C6_ |
| 2) | | |
| 3) | | |
| 4) | | |

SUPERVISOR APPROVING IMPOUNDMENT _Sgt - Stefanski 32_

POLICE HOLD   NO ☑  YES ☐   REASON (See Reverse)   _(B.5)_

TOWING CO. & ADDRESS _Pews   1229 E. Washington_   PHONE # _7276589_

LOCATION TOWED TO _Pews_   LOCATION TOWED FROM _Hudson/miles_

OWNER'S NAME & FULL ADDRESS _Elijah Manuel   1014 E. Clinton   Joliet, IL_

OCCUPANT CLAIM ☐   BY LIC. ☐   BY V.I.N. ☐   UNK ☐

## INVENTORY & CONDITION OF VEHICLE WHEN TOWED
### Cross Out Areas that are Damaged and Circle Areas That Are Missing
### (Unless Vehicle is marked it will be considered undamaged)

| | YES | NO |
|---|---|---|
| RADIO IN VEHICLE | ☑ | ☐ |
| CELLULAR PHONE IN VEHICLE | ☐ | ☑ |
| IGNITION INTACT | ☑ | ☐ |
| KEYS WITH VEHICLE | ☑ | ☐ |
| DOORS LOCKED | ☐ | ☑ |
| OWNER PRESENT | ☑ | ☐ |
| ODOMETER READING | _52372_ | |

DESCRIBE ANY PERSONAL PROPERTY LEFT IN THE VEHICLE:
_Large Speakers in Trunk_

## OWNER'S REQUEST FOR TOW

I have requested that _____ Towing Firm be contacted by the Joliet Police Department to provide the necessary towing services.

SIGNATURE OF THE OWNER / DRIVER OF TOWED VEHICLE

SIGNATURE OF TOW TRUCK OPERATOR

| DATE _03/18/11_ | TIME _0120_ |
|---|---|

_Exhibit "C"_

## CERTIFICATE OF POST TOW HEARING

Pursuant to City Ordinance Section 1-10.1(g), the undersigned hearing officer states that a post-tow hearing was conducted for:

(1) Vehicle Owner      Elijah Manuel

(2) Owners Address      1014 E. Clinton Street, Joliet

(3) Police Report # /DT# 110318-004686 regarding the vehicle identified below:

(4) Year of Vehicle 2008      (5) Make of Vehicle    Dodge

(6) Model of Vehicle Charger      (7) Color of Vehicle    Black

(8) License   8825005      (9) State Reg.    IL

(10) VIN #    2B3KA43G48H190772

which was towed on  March 18, 2011 because it was allegedly used in the commission of one or more of the following offenses, as set forth in City Ordinance Section 1-10:

- ☐ Sound Amplification Systems
- ☐ Excessive Muffler Noise
- ☐ Unlawfully Tinted Windows
- ☐ Possession of Cannabis
- ☒ Controlled Substances
- ☐ Unlawful Transportation/Possession of Alcoholic Liquor in  Motor Vehicle
- ☐ Prostitution
- ☐ Soliciting for a Prostitute     ☐     Pimping
- ☐ Pandering
- ☐ Curfew
- ☐ D.U.I.
- ☐ Abandoned Vehicle
- ☐ Traffic Hazard
- ☐ No Insurance
- ☐ Fleeing/Eluding the Police
- ☐ Driving while license suspended/revoked
- ☐ Aggravated Unlawful Use of Weapon

Exhibit "C"

5/05/11 09:08:32 WCCH

STATE OF ILLINOIS )
              )SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

STATE

**Plaintiff**

vs

ELIJAH MANUEL

**Defendant**

**COURT ORDER**

SHOW THAT THE DEFENDANT IS PRESENT IN THE CUSTODY OF THE SHERIFF. ON THE STATE'S MOTION, THIS MATTER IS ORDERED NOLLE PROSED. THE DEFENDANT IS ORDERED RELEASED AS INSTANTER AS TO THIS MATTER ONLY. THE 11 TR 12668-70, 11 TR 19976, AND 10TR 107172-73 ARE SET FOR STATUS IN COURTROOM 304 ON 5-5-11 AT 9⁰⁰. THE DEFENDANT'S BOND FOR 11TR 12668-70, 11TR 19976, AND 10 TR 107172-73 IS SET IN THE AMOUNT OF $5,000 - 10% TO APPLY, AND HE HAS $350 TO APPLY.

Attorney or Party, if not represented by Attorney
Name TODD LESLIE APD
ARDC # _____
Firm Name _____
Attorney for DEFENDANT
Address _____
City & Zip _____
Telephone _____

Dated: 5-4-11 , 20 __

Entered: _____

Judge

WCCH 05052011

**PAMELA J. MCGUIRE, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

White – Court   Yellow – Plaintiff   Pink – Defendant

**17 D** Revised (06/06)

| JOLIET, ILLINOIS POLICE DEPARTMENT | CONTINUATION/FOLLOW-UP REPORT  ← CHECK ONE →  X | | Page 1 | 1. C.R # 11-0318004686 | |
|---|---|---|---|---|---|
| 2. IF FOLLOW-UP DATE OF THIS REPORT 03/18/11 | DATE OF ORIGINAL REPORT 03/18/11 | 3. OFFENSE AS VERIFIED PCS | | 4. OFFENSE AFTER INVESTIGATION N/A | 5.CODE N/A |
| 6. VICTIM'S NAME STATE OF ILLINOIS | 7. LOCATION OF OFFENSE ELWOOD AT MILES | | | 8. RELATED D.T.(S) N/A | |

9. NARRATIVE - DO NOT REPEAT RESULTS OF PRELIMINARY INVESTIGATION. LIST ADDITIONAL PERSONS OR PROPERTY USING FORMAT OF BOXES 27, 28, OR 48.

**EVIDENCE TECHNICIAN S. CAMMACK #285 ON 03/18/11 @ 0544 HRS   PRIORITY # 1**

use as Exhibit E

**CRITICAL INFORMATION:**

NONE

**NARRATIVE:**

R/T while in the evidence section of the JPD, was met by Officer Gruber #261 and was given a clear plastic baggie which contained numerous pink colored rock like substance individually packaged in clear plastic. R/T weighed the entire package and found it to weigh 7.3 grams. One of the pink rock like substance was tested and found to be to be positive for the probable presence of ecstasy. R/T did then return all the items to Officer Gruber to place into Evidence. . . . . . SC #285

K. Steele #812 on 03/18/11 @ 0640 hrs

| 10. CASE STATUS OF FOLLOW-UP REPORTS | | | |
|---|---|---|---|
| ☐ CLEARED BY ARREST | ☐ WARRANT ISSUED | ☐ ADMINISTRATIVELY CLOSED | ☐ REFER TO OTHER AGENCY |
| ☐ EXCEPTIONAL CLEARANCE | ☐ UNFOUNDED | ☐ CONTINUE INVESTIGATION BY | |
| 11. OFFICER ASSIGNED  # 285  STAR # CAMMACK | 12. SIGNATURE OF REPORTING OFFICER | | 13. SUPERVISOR AT SCENE N/A |
| 14. COPY OF REPORT TO | 15 FIELD SUPERVISOR | | 16. DUTY SUPERVISOR |

/18/2011.

# Joliet Police Department
## Department Case Report
### Department Case Number: 110318004686

Related Case # 's:

Exhibit "E"

## Case Information

use A3

**Case Officer:** JPD261 - GRUBER TERRENCE J.
**Offense Date/Time:** 03/18/2011 - 01:20Hrs
**Offense Location:** ELMWOOD AND MILES
**Offense Type:** 2040 - DELIVERY/POSSESSION W/INTENT DELIVER CONTROLLED SUBSTANCE

**Expiration Date:** 03/18/2014
**Jurisdiction:** Will County
**Court Date:**
**Disposition:**
**Disposition Date:**
**Case Comments:**

## Case Names

**Name Type: Suspect/Arrestee**
| | | | |
|---|---|---|---|
| **Name:** Manuel, Elijah | **Sex:** M **Race:** B | **DOB:** 06/01/1985 | **Home Phone#:** |
| **Address:** 1014 E CLINTON | | | **ID#:** |
| Joliet,il 60432 | | | |
| **Additional Name Information:** | | | **SSN#:** |

**Name Type: Victim**
| | | | |
|---|---|---|---|
| **Name:** STATE OF IL | **Sex:** | **Race:** | **DOB:** | **Home Phone#:** |
| **Address:** SPRINGFIELD, IL | | | **ID#:** |
| **Additional Name Information:** | | | **SSN#:** |

## Case Items

**Item Number:** 001
**Container #:**
**Status/Location:** Items Submitted to Property - Temporary Pass Thru Locker T20
**Collection Date/Time:** 03/18/2011 - 01:20Hrs
**Collected By:** JPD261 - GRUBER TERRENCE J.
**Collection Location:** ELMWOOD AND MILES
**Packaging/Quantity/Item Type:** One sealed envelope with: - 1 - Suspected Ecstasy
**Detail Description:** 16 PINK PILLS IN THE SHAPE OF THE UNITED STATES STAMPED WITH USA
**Owner:** Elijah Manuel
**Weight :** 7.30
**Weight Units :** G - GRAMS
**Item Notes:**

**Process:** Hold for investigative purposes
**Collection Purpose:** Evidence
**Hazmat:** [NONE]

## Lab Submissions

_261_     _03/18/11_

_____     _____     _____
Case Officer Signature              Date           Supervisor Signature

Case: 1:13-cv-03022 Document #: 1-2 Filed: 04/22/13 Page 30 of 36 PageID #:156

**Joliet Forensic Science Laboratory**
515 East Woodruff Road
Joliet, IL 60432
(815) 740-3543



Illinois State Police

J11-002490
03/23/2011

# LABORATORY SUBMITTAL FORM

**CASE No. :** 110318004686

**DATE OF OFFENSE :** 03/18/2011

**OFFENSE :** 2040  DELIVERY/POSSESSION W/INTENT DELIVER CONTROLLED SUBSTANCE

**SUBMITTING AGENCY:** Agency

**COURT DATE :**

**INVESTIGATED BY :** GRUBER TERRENCE J.

**FORWARD REPLY TO :** CAMMACK SCOTT P.

**DELIVERING OFFICERS SIGNATURE**

**PHONE No. :** Phone#

**NAME / SID #**

| (Name Type) | Case Name | (Gender) | (Race) | (DOB) | (SID #) |
|---|---|---|---|---|---|
| Suspect/Arrestee | Manuel, Elijah | M | B | 06/01/1985 | |
| Victim | STATE OF IL | | | | |

**SUBMISSION TYPE: HD - Hand Delivered**
**COMMENTS TO LAB:** please examine for ecstacy

**LIST OF SPECIMENS:**      **(INDICATE DEFENDANT/LOCATION IF KNOWN)**

**Item Number: 001**

Packaging: One sealed envelope with: 1 Suspected Ecstasy

Item Description: 16 PINK PILLS IN THE SHAPE OF THE UNITED STATES STAMPED WITH USA

Collected: 03/18/2011  1:20

Name: Elijah Manuel

Item Notes:

Exam:  **Drug Examination**

use as Exhibit "E"

# ILLINOIS STATE POLICE
Division of Forensic Services
Joliet Forensic Science Laboratory
515 East Woodruff Road
Joliet, Illinois 60432-1260
(815) 740-3543 (Voice) * 1-(800) 255-3323 (TDD)

Pat Quinn
*Governor*

Patrick E. Keen
*Interim Director*

April 1, 2011
**LABORATORY REPORT**

CAMMACK SCOTT P.
JOLIET PD
150 WEST WASHINGTON STREET
JOLIET, IL 60432

Laboratory Case #J11-002490
Agency Case #  110318004686

OFFENSE    Violation of Controlled Substances Act
SUSPECT    Elijah Manuel

The following evidence was submitted to the Joliet Forensic Science Laboratory by E. Stanley on March 23, 2011:

| LAB/AGENCY | ITEM SUBMITTED | FINDINGS |
|---|---|---|
| 1A/001 | 1.4 grams of five pink tablets | No scheduled substance found |
| 1B/001 | 3.1 grams of 11 pink tablets, consistent in appearance with Exhibit 1A | No Analysis |

730 ILCS 5/5-9-1.4(b) states that a criminal laboratory analysis fee of $100 shall be imposed for persons adjudged guilty of an offense in violation of the Cannabis Control Act, the Illinois Controlled Substances Act, or the Methamphetamine Control and Community Protection Act.

Respectfully submitted,

Pamela M. Wilson
Forensic Scientist

cc: WILL CO SA

use as Exhibit "F"

| JOLIET Police Department | Continuation/Follow-Up Report Check One ☐ ☒ | PG.# | C.R..# 110318004686 |
|---|---|---|---|

| If Follow-Up Date of this Report 3/19/2011 | Date of Original Report 3/18/2011 | Offense as Verified POSS CONT SUB | Offense After Investigation N/A | Code N/A |
|---|---|---|---|---|

| Victim's Name State of Illinois | Location of Offense ELMWOOD     MILES | Related C.R.(s) N/A |
|---|---|---|

Narrative-Do not repeat results of preliminary investigation. List additional persons or property using format of boxes 27,28, or 48.

```
Received from the JOLIET POLICE DEPARTMENT is the below described
vehicle which is being released to the legal owner/authorized person
upon proof of ownership and identification.  The vehicle is being
released with the authorization
of:
     JPD TAYLOR 878


Towed To: RENDELS 815-740-4545   LEADS#

Vehicle Being Released:


2008  BLACK   2DR    DODGE    CHARGER   8825005 IL 2B3KA43G48H190772

Released To:

GWENDOLYN COUCH

353 WILCOX       JOLIET        IL    60435


By requesting the release of the above motor vehicle, the
undersigned specifically represents that he is fit and
qualified to operate the motor vehicle and agrees to operate it
in accordance with law.  The undersigned, on behalf of himself
and his towing company, also agrees to defend, indemnify and
hold harmless the City of Joliet and its employees from any and
all claims, suits and liabilities related to either the
operation of the motor vehicle or its release to the
undersigned.



SIGNATURE OF VEHICLE
OWNER


Gwendolyn Couch
SIGNATURE OF LICENSED DRIVER


PAID ADMINISTRATIVE FEE OF
$500     , RECEIPT #04372
```

| Case Status of Follow-Up Reports | | | |
|---|---|---|---|
| ☐ Cleared By Arrest | ☐ Warrant Issued | ☐ Administratively Closed | ☐ Refer to Other Agency |
| ☐ Exceptional Clearance | ☐ Unfounded | ☐ Continue Investigation By | |

| Officer Assigned     Star: | Signature of Reporting Officer | Supervisor at Scene |
|---|---|---|
| Copy of Report To | Field Supervisor | Duty Supervisor |

use AS EXhibit "G"

110318 0046086

| STATE OF ILLINOIS | ) | |
|---|---|---|
| | ) | SS. AS |
| COUNTY OF WILL | ) | Exhibit "H" |

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| PEOPLE OF THE STATE OF ILLINOIS | ) | |
|---|---|---|
| | ) | Case No. **2011 CF 546** |
| VS. | ) | |
| | ) | |

**ELIJAH MANUEL**

### CRIMINAL COMPLAINT

---

### CHARGE

On this **18 day of March, 2011**, complainant J. KNELLER #20 charges the

commission of an offense as follows:

on or about **March 18, 2011**, at and within Will County, Illinois, **ELIJAH MANUEL, a male**

person, committed the offense of:

### UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE
### (Class 4 Felony)

in that, **said defendant, knowingly and unlawfully possessed a substance containing**

**methylenedioxymethamphetamine, a controlled substance, other than as authorized in the**

**Illinois Controlled Substances Act**, in violation of Chapter 720, Section 570/402(c), of the

Illinois Compiled Statutes, 2011 and AOIC 5101110.

### OATH

---

The undersigned being duly sworn on oath says that the foregoing charge is true.

SIGNED: J Knell #20

Subscribed and sworn to before me on
18 day of March, 2011.

_____
Judge or Notary Public

MJC/nas
JPD #11-0318004686
dcn #L52163797

> OFFICIAL SEAL
> NICHOLE A WIERZBOWSKI
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:10/18/14

04/04/11 10:06:19 WCCH          USE AS EXHIBIT I

# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS  )
             )  Case No. **2011 CF 546**
      VS.     )
             )
**ELIJAH MANUEL**     )

### BILL OF INDICTMENT

Indictment returned by Grand Jury empaneled by the Circuit Court of the Twelfth Judicial Circuit, County of Will, State of Illinois, on February 16, 2011.

The GRAND JURORS, chosen, selected and sworn, in and for the County of Will in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that:

on or about **March 18, 2011**, at and within Will County, Illinois, **ELIJAH MANUEL**, a **male** person, committed the offense of:

### UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE
### (Class 4 Felony)

in that **said defendant knowingly and unlawfully possessed a substance containing methylenedioxymethamphetamine, a controlled substance, other than as authorized in the Controlled Substances Act**, in violation of Chapter 720, Section 570/402(c), of the Illinois Compiled Statutes, 2011, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.

A TRUE BILL

_Christine Bailey_
Foreman of the Grand Jury

WILL COUNTY ILL 11 MAR 31 AM 8:42 FILED

WCCH 040042011

J:06:19 WCCH                              USE AS Exhibit I

## LIST OF WITNESSES

### WHO TESTIFIED BEFORE GRAND JURY

Terrence Gruber

_____

_____

_____

_____

_____                    _____
                                                     Foreman of the Grand Jury

_____

### STATE OF ILLINOIS

### IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT

### WILL COUNTY

The within indictment returned in open Court        3/31/11

BAIL SET AT $ 5000-10%

Warrant of Arrest ordered/stayed to issue.

_____
Judge of the Circuit Court

PREVIOUS CONDITIONS
OF BOND
TO REMAIN IN EFFECT

WCCH   04042011

11 MAR 31  AM 8:42   FILED

REPORT #
**LJ1-110318004686**

# ARREST REPORT SUPPLEMENT

JOLIET POLICE DEPARTMENT
150 WEST WASHINGTON STREET
JOLIET, IL 60432

| ARRESTEE'S NAME | SEX | RACE | DOB |
|---|---|---|---|
| MANUEL, ELIJAH | M | B | 6/1/85 |

| | | | GANG AFFILIATION | | |
|---|---|---|---|---|---|
| ☒ | FELONY | | GANG NAME NONE | | |
| ☐ | MISDEMEANOR | ☐ | SELF-ADMITTED | ☐ | OFFICER'S KNOWLEDGE |

| SPECIAL CAUTIONS (HEALTH, OFFICER SAFETY, OTHER) |
|---|
| STATED NONE |

## EMERGENCY NOTIFICATION INFORMATION

| NAME | ADDRESS | PHONE | RELATIONSHIP |
|---|---|---|---|
| MANUEL, DEBORAH | 1014 CLINTON ST | 815 722-7001 | MOTHER |
| | | | |
| | | | |

| STATE'S ATTORNEY APPROVAL BY: | |
|---|---|

## AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE

The undersigned officer, under penalties as provided by law for false certification pursuant to Section 1-109 of the Code of Civil Procedure and perjury pursuant to 720 ILS 32-2, hereby certifies that he/she is a law enforcement officer employed by a law enforcement agency within Will County, Illinois and that he/she has reviewed and signed the attached reports prepared by him/her and upon information and belief the information contained in the reports is true and correct to the best of his/her knowledge at this time and the said reports were prepared during the normal course of an official law enforcement investigation and the said reports are hereby incorporated into and made a part of this affidavit to support a finding of probable cause to believe the above captioned detainee(s) have/has committed the above named offense(s).

_____
Officer's Signature and Star No.

_____
Department

_____
Officer's Printed Name

use as
Exhibit "J"

ATTACH TO WILL COUNTY ADULT DETENTION ARREST REPORT