IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

ELIJAH MANUEL,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     No. 13 C 3022
                                  )
CITY OF JOLIET, et al.,           )
                                  )
          Defendants.             )

                         MEMORANDUM ORDER

     Elijah Manuel ("Manuel") has tendered a self-prepared

Complaint, together with exhibits, in which he charges the City

of Joliet, its Police Department (which, because it is not a

suable legal entity, will be ignored in this case) and eight

members of its police force (two of whom are identified only by

their badge numbers) with violations of his constitutional rights

assertedly actionable under 42 U.S.C. §1983 ("Section 1983").

Manuel has accompanied his Complaint with a self-prepared Motion

To Proceed In Forma Pauperis ("Motion"), which is in turn

supplemented by a printout reflecting transactions in his trust

fund account at the Will County Adult Detention Facility

("Detention Facility")[1] and by what Manuel labels as a Petition

for Writ of Habeas Corpus ("Petition").  This memorandum order is

issued to address several aspects of Manuel's filing.

     To begin with, the Petition seeks an order from this Court

---

     [1]  That printout provides input for this Court's 28 U.S.C.
§1915 ("Section 1915") calculation.

that would bring Manuel to the courthouse "to be present and render testimony in the above mentioned proceedings." Such relief is of course totally premature. During the period of development of a case preparatory to trial or other disposition, this Court conducts periodic status hearings--and for that purpose its regular practice where persons in custody are acting pro se is to make arrangements for such persons to participate in those hearings telephonically. Accordingly the Petition is denied at this time without prejudice.

To turn to Manuel's claims, the first order of business is to rule on his Motion as called for by Section 1915. For that purpose this Court has determined from the trust fund account printout that Manuel's average balance for the six months preceding suit is greater than the average monthly deposits during that same period (see Section 1915(b)(1))--the larger figure is approximately $45, 20% of which (<u>id</u>) is $9. Accordingly the Application is granted to the extent that Manuel need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Manuel is therefore assessed that initial partial payment of $9, and the Detention Facility trust fund officer is ordered to collect that amount from Manuel's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

Office of the Clerk
                        United States District Court
                        219 South Dearborn Street
                        Chicago IL 60604
                        Attention: Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Manuel's name and the 13 C 3022 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Detention Facility trust fund officer.

After such initial payment, the trust fund officer at the Detention Facility (or at any other correctional facility where Manuel may hereafter be confined) is authorized to collect monthly payments from Manuel's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

To turn now to Manuel's substantive allegations, they are set out in a detailed factual narrative form that is a far cry from the "short and plain statement" called for by Fed. R. Civ. P. 8(a)(2). It would impose an extraordinary and unfair burden on defendants to be compelled to divide up Manuel's bulky paragraphs into separate allegations and then to respond in kind to his intensely factual pleading.

Although Manuel has not asked for the appointment of a

lawyer to represent him pro bono publico, both he and defense counsel--to say nothing of this Court--would be far better served if he had legal representation. Accordingly copies of this District Court's Motion for Appointment of Counsel are being transmitted to Manuel together with a copy of this opinion, so that he may fill out and return two counterparts of the completed form to enable this Court to act on that motion. Manuel's attention is called particularly to the need to answer question 2 of the form, because our Court of Appeals requires a showing of his efforts to obtain counsel on his own before this Court can consider supplying him with a lawyer.

In the meantime, no summons will issue, and none of the named defendants is required to appear or to respond to the existing Complaint. As and when the present Complaint may be replaced by an Amended Complaint prepared by counsel, Manuel will be entitled to the benefit of his original filing date. But some cautionary remarks are in order in that respect:

> 1. Many of the allegations in Manuel's prolix factual statement relate to events in March 2011, more than two years before Manuel signed the Complaint on April 10, 2013.[2]

---

[2] Although nothing in Manuel's filing speaks of the date when he delivered his papers to the custodial authorities (so as to get the benefit of the mailbox rule, see Houston v. Lack, 487 U.S. 266 (1988)). Hence April 10, rather than the April 22 date of receipt in the Clerk's Office, is the most favorable date for which Manuel might qualify under any circumstance.

Because Illinois-based Section 1983 actions borrow the Illinois two-year statute of limitations, much of what Manuel complains about may well turn out to be untimely asserted.

2. No view is expressed here as to the viability or nonviability of Manuel's claims in any other respect.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 24, 2013