# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIJAH MANUEL, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 13 C 3022 |
| CITY OF JOLIET, a municipal corporation, et al., | ) |
|         Defendants. | ) |

## MEMORANDUM ORDER

Elijah Manuel ("Manuel"), who originally launched this action with a self-prepared detailed narrative submitted under the heading "Complaint Under the Civil Rights Act, Title 42 Section 1983 U.S. Code," is now represented by able counsel designated by this Court to serve him pro bono publico. Now the First Amended Complaint ("FAC") recently prepared by counsel on Manuel's behalf has been targeted by two Fed. R. Civ. P. ("Rule") 12(b)(6) motions to dismiss, and late last week Manuel's counsel filed what they label as "Plaintiff's Modified Response in Opposition to Defendants' 12(b)(6) Motion To Dismiss." Because the parties have met head-on in those submissions, the motions are ripe for decision.

Both Rule 12(b)(6) motions focus primarily on a statute-of-limitations bar, pointing (1) to Section 1983's adoption of the two-year statute of limitations for Illinois-based personal injury claims and (2) to the fact that Manuel's original pro se Complaint was brought more than two years after the occurrences that constitute the gravamen of Manuel's Section 1983 claims. Because this Court's earlier oral ruling rejected the other contentions advanced by Manuel's counsel, the most recent submission on Manuel's behalf urges denial of the motions only

"because plaintiff has a non-time-barred Fourth Amendment or Due Process claim" (Response at 2). And when the Response memorandum gets down to the precise issues, it focuses solely on the contention that the "Plaintiff should have an actionable Section 1983 claim for malicious prosecution through the Fourth Amendment" (id. at 4).

On that score Manuel's counsel are totally candid. Their Response at 5 states accurately:

> The Seventh and Eighth Circuits stand alone in deciding that malicious prosecution claims are not actionable as a Fourth Amendment Section 1983 claim. *Newsome v. McCabe*, 256 F. 3d 747, 750 (7th Cir. 2001); *Kurtz v. City of Shrewsbury*, 245 F. 3d 753, 758 (8th Cir. 2001).

As for our Court of Appeals' stance on the subject, the Response goes on to state (also accurately) that the Newsome case "holds that Section 1983 malicious prosecution claims are only cognizable as a substantive due process claim if state law does not provide an adequate remedy" -- and to close the analytical circle, our Court of Appeals has expressly held that Illinois law does provide such a remedy.

What Manuel's counsel must argue then -- and they do with vigor -- is that Newsome should be revisited and "rejected in the present case." That invitation to a District Judge to override the studied adherence by our Court of Appeals to a position that it knows to be a lonely one (see Judge Richard Posner's recent opinion for the panel in Julian v. Hanna, 732 F. 3d 842, 845-46 (7th Cir. 2013)) has put this Court in mind of an even more recent opinion written by Judge Posner that affirmed this Court's decision in a complex case (Inland Mortgage Capital Corp. v. Chivas Retail Partners, No. 12-3648, 2014 WL 310355 (7th Cir. Jan. 29)) and concluded in this fashion (id. at *3):

> What a topsy-turvy world the defense rightly rejected by the district court would create!

This Court likewise rejects the invitation by Manuel's counsel to create still another topsy-turvy world -- if a change from <u>Newsome</u> and its progeny is to be made, it must be left to our Court of Appeals to do so.

Accordingly both Rule 12(b)(6) motions are granted. And (1) because the limitations bar erected by Section 1983 cannot be overcome by a nonviable Illinois-based federal malicious prosecution claim and (2) because the most recent response from Manuel's counsel has not suggested any other tenable basis for the survival of his claims, this action is dismissed as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 12, 2014