# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIJAH MANUEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 3022 |
| | ) |
| CITY OF JOLIET, a municipal corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Elijah Manuel ("Manuel"), who originally launched this action with a self-prepared detailed narrative submitted under the heading "Complaint Under the Civil Rights Act, Title 42 Section 1983 U.S. Code," is now represented by able counsel designated by this Court to serve him pro bono publico. After counsel prepared a First Amended Complaint ("FAC") on Manuel's behalf, this Court initially announced an oral ruling that rejected other contentions that the FAC had advanced, so that Manuel's counsel then focused on his claim that he has a non-time-barred Fourth Amendment or Due Process claim under 42 U.S.C. § 1983 ("Section 1983") that charges defendants with malicious prosecution.

This Court, after considering the litigants' submissions in that respect, granted defendants' Fed. R. Civ. P. ("Rule") 12(b)(6) motions to dismiss on statute of limitations grounds. On that score Manuel's counsel had candidly acknowledged that our Court of Appeals is one of two Circuits that, contrary to the weight of authority elsewhere, hold malicious prosecution claims to be nonactionable as Fourth Amendment Section 1983 claims -- in this Circuit, because of the Illinois state law equivalent that provides an adequate remedy. This Court rejected counsel's

position, citing our Court of Appeals' recent opinion in Julian v. Hanna, 732 F. 3d 842, 845-46 (7th Cir. 2013) that has again reconfirmed the continuing vitality of Newsome v. McCabe, 256 F. 3d 747, 750 (7th Cir. 2001).

Now Manuel's counsel have taken an appeal on his behalf, seeking to try once again to persuade our Court of Appeals to reverse its course on the subject, and for that purpose they seek in forma pauperis status on the appeal, a request that cannot be granted if this Court were to "certify in writing that it is not taken in good faith" (28 U.S.C. § 1915(a)(3)). With Manuel's counsel having stated forthrightly "that this precedent should be revisited and rejected in the present case to conform to other federal circuits" (pages 1 and 2 of counsel's Motion for Permission To Appeal In Forma Pauperis), the special circumstances of this case appear to this Court to place the answer to that question exclusively with the Court of Appeals itself.

In that respect, subjective good faith on counsel's part is clearly present, so that the question becomes one of objective good faith. And on that score, with the Court of Appeals having revisited the issue so recently in Julian with a comprehensive discussion authored by Judge Posner, this Court would frankly consider it presumptuous to weigh in on the subject that must be resolved definitively by that court. Accordingly this Court respectfully refers the issue to the Court of Appeals for its determination on the issue of good faith.

In the meantime this Court has reviewed the submission that accompanies the motion for IFP treatment and finds that it lacks the statutorily required printout of transactions in Manuel's trust fund account at Big Muddy River Correctional Center, where he is now in custody. Instead it contains a four-column table, two of which columns report the "average monthly amount during the past twelve months" received by Manuel and his spouse and the other two list the "amount expected next month" by the two of them. If our Court of Appeals grants Manuel IFP

status (the figures in the table just referred to certainly show his eligibility on that score), this Court will immediately seek the statutorily required information from Big Muddy and make the necessary calculations as to the deferred payment of the appellate filing fees. If however our Court of Appeals were to decide otherwise based on its firmly entrenched position on the issue sought to be posed by Manuel's counsel, that action and that calculation will not be required.

                                                                    _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: March 18, 2014