# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ELIJAH MANUEL**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13 C 3022 |
| | ) (USCA No. 14-1581) |
| **CITY OF JOLIET**, a municipal corporation, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court is of course keenly aware of the long-standing requirements (1) of Fed. R. App. P. 24(a)(1) that motions for leave to appeal in forma pauperis ("IFP"), often tendered by mistake to our Court of Appeals for initial consideration, are instead to be decided by the District Court in the first instance and (2) of the corollary provision of Fed. R. App. P. 24(a)(3) that an applicant for IFP status who had been permitted to proceed on that basis in the district court action is entitled to proceed on appeal in forma pauperis without further authorization unless (among other alternatives) the district court certifies that the appeal is not taken in good faith. Over the years this Court has adhered faithfully to both of those requirements.

This case, however, appeared to this Court to pose a unique problem. Because its threshold review of the pro se Complaint filed by plaintiff Elijah Manuel ("Manuel"), together with his application for IFP status, had led it to grant the special brand of that status provided by 28 U.S.C. § 1915 as well as to obtain counsel to represent Manuel pro bono publico, the currently relevant Rule provision was that set out in Fed. R. App. P. 24(a)(3). And this Court's

understanding of that Rule's "in good faith" standard embraces a need for both subjective and objective good faith in taking the appeal.

This Court's dismissal of Manuel's Complaint and this action relied on our Court of Appeals' repeated determinations that any Illinois-based Section 1983 claim for malicious prosecution via the Fourth Amendment runs afoul of that Court's decisions in <u>Newsome v. McCabe</u>, 256 F. 3d 747, 750 (7th Cir. 2001) and numerous later cases, most recently reconfirmed by Judge Posner's October 21, 2013 opinion for a panel of the Court of Appeals in <u>Julian v. Hanna</u>, 732 F. 3d 842, 845-46 (7th Cir. 2013). That <u>Julian</u> opinion revisited the issue in considerable depth and reconfirmed the Seventh Circuit's minority view that this Court is obligated to follow and did follow in this case.

Under the circumstances there is no question as to the <u>subjective</u> good faith of Manuel's counsel -- they have been candid in acknowledging the <u>Newsome</u>-based authority and in confirming that they wish the issue to be revisited and rejected by the Court of Appeals. But as to <u>objective</u> good faith, it struck this Court that asking it to read the tea leaves as to our Court of Appeals' readiness or lack of readiness to entertain the invitation of Manuel's counsel, when by definition that determination must be made by the Court of Appeals itself, had little to commend it. It was for that reason that this Court sought to refer the matter to the Court of Appeals for its determination.

Nonetheless the response to that studied reference took the form of a March 20, 2014 order that simply sent the matter back here without any indication that the highly unusual -- really unique -- situation that had led to this Court's action had been considered at all. Any mention of Fed. R. App. P. 24(a)(3) was conspicuously absent from that order, which referred instead to the procedure established by Fed. R. App. P. 24(a)(1), 24(a)(2) and 24(a)(5). It seems

likely that the March 20 order may have been the work product of some administrative person without any consideration or input from a member of the court (although if such is not the case, this Court apologizes for its error in that respect).

But in all events the matter is here for determination. And although there is a good deal of force to the prospect that our Court of Appeals will once again decline to revisit a subject that has been reviewed in depth so recently, so that the finding of a lack of objective good faith in posing the issue is a possibility, the definitive answer to that question must come from that court. To enable it to do so, this Court declines to make the certification permitted by Fed. R. App. P. 24(a)(3)(A), thus enabling Manuel to proceed on appeal in forma pauperis without further authorization.

One final matter. Although the Rule speaks in terms of Manuel's proceeding IFP "without further authorization," this Court's understanding is that 28 U.S.C. § 1915(b)(1) still requires Manuel to pay the full amount of the filing fees on appeal, albeit on an installment basis. That requires information as to all transactions in Manuel's account at Big Muddy River Correctional Center (where he is in custody) for the six-month period preceding his filing of the notice of appeal. Manuel's counsel have very recently tendered such a printout, but as of this writing this Court is awaiting one added piece of information: the date of filing the notice of appeal with the Court of Appeals (the District Court docket reflects the later date on which a copy of the notice was filed in the District Court). As soon as Manuel's counsel provides that information, this Court expects to supplement this memorandum order with the necessary calculation.

                                             Milton I. Shadur
Date: March 26, 2014                  Senior United States District Judge